UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORTON & BASSETT, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ORGANIC SPICES, INC.,<br><br>Defendant. | Case No. 15-cv-01849-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS; DENYING DEFENDANT'S MOTION TO STRIKE; SETTING FURTHER CASE MANAGEMENT CONFERENCE**<br><br>Re: Dkt. No. 40 |

Before the Court is the motion to dismiss filed by Defendant-Counterclaimant Organic Spices, Inc. ("Defendant"). Dkt. No. 40 ("Mot."). Defendant moves to dismiss Plaintiff Morton & Bassett, LLC's ("Plaintiff") complaint for trade dress infringement under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. In the alternative, Defendant moves to strike functional and generic elements of the asserted trade dress. Plaintiff has filed an opposition, Dkt. No. 43 ("Opp."), and Defendant has replied, Dkt. No. 46 ("Reply").

Under Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds that this matter is suitable for disposition without oral argument. For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's motion to dismiss and **DENIES** Defendant's motion to strike. The Court also **SETS** a further case management conference for September 13, at 2:00pm to discuss scheduling in this matter.

I.   BACKGROUND

   A.   Factual Allegations

Plaintiff manufactures and distributes high quality, all-natural, and preservative-free spices. Dkt. No. 39 ("Am. Compl.") ¶ 2. Plaintiff's spices are sold in grocery stores, supermarkets, and other retail outlets throughout the United States. *Id.* Plaintiff asserts that its spices have long had

a distinctive and recognizable trade dress. *Id.* ¶ 3. Specifically, Plaintiff packages its spices in contemporary, round, clear glass containers with opaque white (or occasionally colored) lettering in modern-style font, without any opaque labeling, and with a solid color cap. *Id.* ¶ 14. The name of the spice is displayed in all capital letters that are the largest letters on the jar. *Id.* Plaintiff uses clear glass bottles to show the quality of its spices inside, which pioneered the "glass gourmet" category in the spice market. *Id.* To that effect, Plaintiff has adopted the slogans, "Clearly What Spices Should Be" and "Our Commitment To Quality Is Clear." *Id.* Plaintiff has used this trade dress continuously for over 25 years, leaving a "unique impression" on consumers. *Id.* ¶¶ 15-16. In 2000, Plaintiff added a "100% organic" line of spices that uses the same trade dress elements as its original line of spices, as set forth above, but also includes a white (or occasionally black) label that reads "100% ORGANIC" in reverse lettering, with a circle in the middle of the jar. *Id.* ¶ 14.

Defendant, selling spices under the name SPICELY, competes directly with Plaintiff. *Id.* ¶¶ 23, 28. It also markets its spices as 100% natural and preservative free in the stores, boutiques, and supermarkets in which Plaintiff sell its spices. *Id.* ¶ 30. Defendant packages its spices in two different versions of glass jars that are "virtually indistinguishable" from Plaintiff's glass jars. *Id.* ¶¶ 24-25. Specifically, Defendant's jars have the same round, clear bottle, opaque white lettering in the same font and in the same size, and with the same solid color cap as Plaintiff's jars. *Id.* ¶ 26. Defendant also mimics Plaintiff's marketing strategy, using slogans such as "Quality You Can See," in a similar cursive letting and light green color as Plaintiff uses for its slogans. *Id.* ¶ 27.

Plaintiff alleges that these intentional similarities cause consumers to mistake Defendant's spices for its own, because the spices are often displayed side-by-side in stores and are often impulse purchases bought without a high degree of care. *Id.* ¶¶ 29-31. As a result, Plaintiff has and continues to suffer irreparable harm from lost sales and loss of consumer goodwill. *Id.* ¶ 32.

**B.    Procedural History**

1.    <u>Pleadings</u>

Plaintiff filed its complaint on April 24, 2015. Dkt. No. 1. Defendants answered and counterclaimed for a declaratory judgment of non-infringement and that Plaintiff's trade dress is non-protectable because it is both functional and generic. Dkt. No. 13. Plaintiff answered the

counterclaim. Dkt. No. 21. On December 18, 2015, the parties filed a stipulated request that the Court grant leave for Plaintiff to file an amended complaint. Dkt. No. 36. The Court granted the request, Dkt. No. 28, and Plaintiff filed an amended complaint on February 10, 2016, Dkt. No. 39.

Plaintiff asserts claims for trade dress infringement and false designation of origin in violation of both 15 U.S.C. § 1125(A) and California Business and Professions Code § 14245, for "passing off" under California common law, and for unfair competition under California Business and Professions Code § 17200. Am. Compl. ¶¶ 33-47. It seeks a permanent injunction barring Defendant from using infringing trade dress and anything else that is calculated or likely to cause consumer confusion, actual damages, statutorily enhanced damages, punitive damages, pre-judgment interest, disgorgement of profits, and attorneys' fees and costs. *Id.*, Prayer.

### 2. Defendant's Motion to Dismiss or Strike

Defendant then filed the instant motion to dismiss. Defendant contends that Plaintiff has failed to state a claim for trade dress infringement because it has not pled its trade dress is not functional and not generic. Mot. at 12-15. Furthermore, Defendant argues that these defects are incurable because Plaintiff has judicially admitted that elements of its trade dress are functional and generic in its answer to Defendant's counterclaim. *Id.* at 14-16. Even without those judicial admissions, Defendant argues that Plaintiff's trademarks for its advertising slogans, set forth in the operative complaint and on file with the United States Patent and Trademark Office ("USPTO"), conclusively prove that Plaintiff's trade dress is functional because they tout the utilitarian nature of the glass jars that contain Plaintiff's spices. *Id.* at 9-10. Similarly, Defendant contends that USPTO records show that third parties use words like "clear" or "see" to advertise spices, proving that Plaintiff's trade dress is generic. *Id.* at 11-12. In the event that the Court is not inclined to grant its motion to dismiss, Defendant moves to strike each element of Plaintiff's asserted trade dress that the Court finds to be either functional or generic. *Id.* at 17. To that effect, Defendant explains that each element of Plaintiff's trade dress is non-protectable. *Id.* at 6-9.

Plaintiff responds that it was not required to plead that its trade dress is not functional or generic because those are affirmative defenses. Opp. at 4. In any case, Plaintiff argues, whether its asserted trade dress is functional or generic is not a question that can be resolved on a motion to

3

dismiss. *Id.* at 5, 14-16. And, according to Plaintiff, its answer to Defendant's counterclaim did nothing to change that: it expressly denied its trade dress was functional or generic, admitting only that its glass jar may serve some functional purpose, not that it was functional as a matter of law. *Id.* at 4. Furthermore, Plaintiff contends that Defendant's attempt to prove that the elements of its trade dress are functional misunderstands the nature of trade dress protection; trade dress must be evaluated holistically to determine whether it serves a source-identifying function for consumers. *Id.* at 6-11. But, regardless, Plaintiff argues that its trade dress elements are not legally functional. *Id.* at 12-14.

Defendant's reply largely restates the arguments from its motion. *See generally* Reply.

## II. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 540, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nonetheless, Courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). And even where facts are accepted as true, "a plaintiff may plead [him]self out of court" if he "plead[s] facts which establish that he cannot prevail on his . . . claim." *Weisbuch v. Cnty. of*

4

*Los Angeles*, 119 F.3d 778, 783 n.1 (9th Cir. 1997) (quotation marks and citation omitted).

If dismissal is appropriate, a court "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quotation marks and citation omitted).

### B.     Federal Rule of Civil Procedure 12(f)

Federal Rule of Civil Procedure 12(f) authorizes courts to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Immaterial matter refers to "that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 967 (9th Cir. 2014) (citation omitted). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial[.]" *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (citation omitted). Motions to strike are generally disfavored and should typically be denied "unless it is clear that the matter sought to be stricken could have no possible bearing on the subject matter of the litigation." *Martinez v. Cnty. of Sonoma*, No. 15-cv-01953, 2016 WL 39753, at *6 (N.D. Cal. Jan. 4, 2016) (citation omitted).

## III.    REQUEST FOR JUDICIAL NOTICE

Before turning to the substance of Defendant's motion to dismiss, the Court must address its request for judicial notice of certain USPTO records. These records include: (1) copies of five trademarks registered by Plaintiff; (2) a copy of a trademark registered by Defendant; and (3) copies of four trademarks registered by several third parties. Dkt. No. 40-2. Defendant claims that these records are judicially noticeable as materials made publicly available by a governmental entity and, with respect to Plaintiff's trademarks, under the incorporation by reference doctrine.

### A.     Legal Standard

Generally, courts may not look to materials outside of the complaint to rule on a Rule 12(b)(6) motion. *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). Under the doctrine of judicial notice, however, courts are permitted to establish and rely on "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction;

1  or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably
2  be questioned." Fed. R. Evid. 201(b).  This includes information governmental entities have made
3  publicly available on websites, unless the authenticity or accuracy of the websites or information
4  displayed is disputed.  *Daniels-Hall v. Nat'l Ed. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

5  Similarly, under the incorporation by reference doctrine, a court may consider a document
6  extrinsic to the complaint in deciding a Rule 12(b)(6) motion if the document's "authenticity is not
7  contested and the plaintiff's complaint necessarily relies on" it.  *Lee v. City of Los Angeles*, 250
8  F.3d 668, 688 (9th Cir. 2001) (citing *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998)); *see
9  also United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (document may be incorporated by
10 reference "if the plaintiff refers extensively to the document or the document forms the basis of the
11 plaintiff's claim").  This doctrine prevents a plaintiff from "deliberately omitting references to
12 documents upon which their claims are based."  *Parrino*, 342 F.3d at 705-06.  When a document
13 is incorporated by reference, "the district court may treat such a document as part of the complaint,
14 and thus may assume that its contents are true for purposes of a motion to dismiss under Rule
15 12(b)(6)."  *Ritchie*, 342 F.3d at 908.

16 **B.  Analysis**

17 The Court takes judicial notice of the various USPTO records as materials made publicly
18 available by a governmental entity on its website, *see Daniels-Hall*, 629 F.3d at 998, but "only for
19 the limited purpose of demonstrating that the filings and actions described therein occurred on
20 certain dates," *see Pinterest Inc. v. Pintrips Inc.*, 15 F. Supp. 3d 992, 997 (N.D. Cal. 2014).
21 Defendant's attempt to judicially notice these materials to prove that Plaintiff's asserted trade
22 dress is functional and generic is "entirely improper" at the dismissal stage.  *Pinterest*, 15 F. Supp.
23 3d at 997.  And "[t]o the extent the USPTO records are nonetheless noticeable for the limited
24 purposes discussed above, they are irrelevant for resolving defendant's motion to dismiss."  *Id.*

25 The Court also addresses the declaration that Defendant filed in connection with its motion
26 to dismiss.  *See* Dkt. No. 40-3 ("Kanach Decl.").  While the declaration was used in part to lay the
27 foundation for the USPTO records discussed above, it also seeks to make evidentiary claims.  For
28 example, the declarant avers that Plaintiff owns several registered trademarks but has no registered

6

trade dress, based on his search. *Id.* ¶¶ 2-4. These kinds of evidentiary claims are improper at the dismissal stage, where review is confined to the pleadings and materials subject to judicial notice. *See Jen v. City & Cnty. of San Francisco*, No. 15-cv-03834, 2016 WL 3669985, at *4 (N.D. Cal. Jul. 11, 2016) (disregarding declaration offered with request for judicial notice that made evidentiary claims extrinsic to the judicially-noticeable materials). Accordingly, the Court disregards Paragraphs 2-4, 6, and 11 of the Kanach Declaration.

## IV.     MOTION TO DISMISS

The Court now turns to the substance of Defendant's motion to dismiss. Defendant makes three primary arguments: (1) Plaintiff failed to state a claim because it failed to plead that its trade dress is not functional and not generic; (2) this defect is incurable because Plaintiff made a judicial admission in its answer to Defendant's counterclaim that its trade dress is functional and generic; and (3) regardless, USPTO records prove that Plaintiff's trade dress is functional and generic. The Court addresses each of these arguments first in the context of functionality and then genericness.

### A.     Functionality

#### 1.     Federal Infringement Claim

Defendant contends that Plaintiff has failed to state a claim for trade dress infringement because it did not plead that its trade dress is not functional. Section 43(a)(1) of the Lanham Act proscribes infringement of an unregistered trade dress. *Wal-Mart Stores, Inc. v. Samara Bros., Inc.*, 529 U.S. 205, 209 (2000); *see also* 15 U.S.C. § 1125(a)(1). Section 43(a)(3) of the Lanham Act, which Congress added in 1999, requires a plaintiff asserting a claim for infringement of an unregistered trade dress to meet the burden of proving that the asserted trade dress is not functional. 11 U.S.C. § 1125(a)(3); 1 McCarthy on Trademarks and Unfair Competition § 7:72 (4th ed. 2016) (explaining that § 43(a)(3) was added to resolve a circuit split about the burden of proof on the functionality issue). Accordingly, to state a claim for infringement of an unregistered trade dress, a plaintiff must plead that the trade dress is nonfunctional. *Art Attacks Ink, LLC v. MGA Entm't Inc.*, 581 F.3d 1138, 1145 (9th Cir. 2009). One court recently held that a conclusory allegation of non-functionality is enough to survive a motion to dismiss where it is supported by facts sufficient to show specific expressive elements that give rise to a secondary meaning.

*Diamond Foods, Inc. v. Hottrix, LLC*, No. 14-cv-03162, 2016 WL 3880797, at *10 (N.D. Cal. Jul. 18, 2016).

In this case, Plaintiff did not allege any facts about the non-functionality of its trade dress in its amended complaint. That omission would cause its trade dress infringement claim to fail if its trade dress were unregistered. Plaintiff also did not allege in either its original or amended complaint that its trade dress is unregistered. But between the time Plaintiff filed its initial and amended complaints, it admitted in its answer to Defendant's counterclaim that its trade dress is unregistered. Dkt. No. 21 ¶ 22.

The somewhat obscure procedural question before the Court, therefore, is whether it is proper to consider Plaintiff's admission in its answer to Defendant's counterclaim to decide Defendant's Rule 12(b)(6) motion to dismiss. Under the particular procedural posture of this case, the Court concludes that it may consider Plaintiff's statement under the doctrine of judicial admission. "Judicial admissions are formal admissions in the pleadings which have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact." *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988) (quotation marks and citation omitted). Here, Plaintiff has admitted in an operative pleading that its trade dress is unregistered. Dkt. No. 21 ¶ 22. The fact that Plaintiff's admission is in an answer to a counterclaim does not change its nature as an admission. Accordingly, the Court grants Defendant's motion to dismiss Plaintiff's trade dress infringement claim under the Lanham Act for failure to plead non-functionality.

### 2. State Law Infringement Claims

Defendant contends that this pleading defect defeats Plaintiff's other claims as well. It reasons that "[s]ince [Plaintiff's] factual support for [its state law claims] is the same as the factual support for [federal] trade dress infringement, the Court's analysis of the adequacy of the pleading as to first cause of action applies to those other causes of action." Mot. at 16. The Court disagrees.

The Court first considers Plaintiff's source confusion claim under California Business and Professions Code § 14245. Defendant presents no authorities (and the Court could not locate any)

1    requiring a plaintiff to plead non-functionality to state a claim. The statutory text itself admits no
2    such requirement. *See* Cal. Bus. & Prof. Code § 14245. This is not particularly surprising: the
3    non-functionality pleading requirement under the Lanham Act is the creation of relatively recent
4    federal legislation making clear that a presumption of non-functionality applies only to federally
5    registered marks. *See* 15 U.S.C. § 1125(a)(3). Similarly, the Court found no authority providing
6    that the California common law tort of "passing off" requires a plaintiff to plead non-functionality.
7    To the contrary, this type of claim is largely equitable rather than formalistic. *See Bank of the W.*
8    *v. Super. Ct.*, 2 Cal. 4th 1254, 1263 (1992) (explaining that the unfair competition tort of "passing
9    off" is "an equitable remedy against the wrongful exploitation of trade names and common law
10   trademarks that were not otherwise entitled to legal protection"). Accordingly, the Court
11   concludes that Plaintiff has stated claims for source confusion under California Business and
12   Professions Code § 14245 and for California common law "passing off." And, derivatively,
13   because Plaintiff has stated these claims, the Court also finds that Plaintiff has stated a claim under
14   California's unfair competition law, Cal. Bus. & Prof. Code § 17200. *See Kwikset Corp. v. Super.*
15   *Ct.*, 51 Cal. 4th 310, 320 (2011) (unfair competition law proscribes any unlawful act).
16        Accordingly, Defendant's motion to dismiss is denied as to Plaintiff's state law claims.

          3.    <u>Leave to Amend</u>

18   The next question is whether the Court should grant Plaintiff leave to amend the complaint.
19   Defendant argues that its motion should be granted with prejudice because Plaintiff has judicially
20   admitted that its trade dress is functional. Specifically, Defendant points to Plaintiff's answer to
21   its counterclaims, in which Plaintiff admitted the following:

> [Plaintiff] admits that a clear glass container may assist the consumer in determining the quality of a certain spice product within the container. [Plaintiff] further admits that certain spices that are left on a shelf for too long may appear different in color compared to the same kind of spices that are fresh. [Plaintiff] further admits that the freshness of certain spices may be important to certain customers' purchasing decisions and that a clear glass container may assist a customer to make a more educated purchasing decision than a package that does not allow a customer to see the spices.

28   *Id.* ¶ 13. Plaintiff responds that the above admission does not mean it admitted its clear glass jars

9

were *legally* functional, let alone that its asserted trade dress is legally functional in a holistic sense. Rather, it simply reflects that glass jars may have some function. Furthermore, Plaintiff points out that it denied that any element of its claimed trade dress is functional in its answer as well. *See id.* ¶ 9.

The Court finds that Plaintiff has not admitted that its asserted trade dress is functional. Taking a step back, Plaintiff is correct that when evaluating the functionality of trade dress, "it is crucial" to "focus not on the individual elements but rather on the overall visual impression that the combination and arrangement of those elements create." *See Clicks Billiards v. Sixshooters, Inc.*, 251 F. 3d 1252, 1258-59 (9th Cir. 2001). For that reason, even if Plaintiff's admission in its answer could be construed as an admission of legal functionality as to the glass jar element of its trade dress, that would not establish legal functionality as to its asserted trade dress on the whole. In any case, Plaintiff did not admit that its glass jars were legally functional; it admitted that glass jars "may assist the consumer in determining the quality of a certain spice product within the container." *See* Dkt. No. 21 ¶ 13.

Defendant also contends that leave to amend should be denied because the USPTO records it judicially noticed prove that Plaintiff's trade dress is functional. As the Court stated above in its discussion of Defendant's request for judicial notice, it is not proper to use USPTO records to prove functionality at the dismissal stage. *See Pinterest*, 15 F. Supp. 3d at 997. And in any case, that evidence is only one facet of a multifactor test to determine legal functionality. *See Secalt S.A. v. Wuxi Shenxi Const. Machinery Co. Ltd.*, 668 F.3d 677, 683 (9th Cir. 2012) (holding that it is a question of fact whether a trade dress is functional); *Disc Golf Ass'n v. Champion Discs, Inc.*, 158 F.3d 1002, 1006 (9th Cir. 1998) (setting forth multifactor functionality test).

Accordingly, the Court grants Plaintiff leave to amend to allege non-functionality.

**B.     Genericness**

Defendant next contends that Plaintiff has failed to state a claim upon which relief can be granted because it did not plead that its asserted trade dress is not generic. A plaintiff "has the burden of proof in an unregistered mark case on the issue of genericness of the asserted mark in issue." *Intel Corp. v. Advanced Micro Devices, Inc.*, 756 F. Supp. 1292, 1295 (N.D. Cal. 1991);

*see also Filipino Yellow Pages, Inc. v. Asian Journal Publ'ns, Inc.*, 198 F.3d 1143, 1146 (9th Cir. 1999).  Because Plaintiff has admitted that its trade dress is unregistered, Dkt. No. 21 ¶ 22, its failure to plead that its trade dress is not generic also causes its trade dress infringement claim under the Lanham Act to fail.  But there is no such requirement for any of Plaintiff's state law claims.  *See* Cal. Bus. & Prof. Code § 14245 (source confusion claim); *Bank of the W.*, 2 Cal. 4th at 1263 (passing off claim); Cal. Bus. & Prof. Code § 17200 (unfair competition claim).

Accordingly, Defendant's motion is granted with respect to Plaintiff's federal claim for failing to plead non-genericness and denied with respect to Plaintiff's state law claims.

Defendant argues that its motion should be granted with prejudice because Plaintiff admitted in its complaint that its trade dress is generic.  Mot. at 14.  Defendant does not provide any citation to support that claim: it just argues that Plaintiff admits that third parties use clear glass jars to sell spices.  *Id.*  This is insufficient to warrant a finding of genericness as a matter of law.  *See Autodesk, Inc. v. Dassault Systemes SolidWorks Corp.*, No. C 08-04397, 2008 WL 6742224, at *2 (N.D. Cal. Dec. 18, 2008) ("Genericness [is a] question[] of fact, making dismissal under Rule 12(b)(6) inappropriate."); *see also Yellow Cab Co. v. Yellow Cab of Elk Grove, Inc.*, 419 F.3d 925, 928–29 (9th Cir.2005) ("Whether a mark is generic is a question of fact").

Accordingly, Plaintiff is granted leave to amend to plead non-genericness as to its federal trade dress infringement claim.

## V.    MOTION TO STRIKE

The Court now turns to Defendant's motion to strike.  Defendant requests that the Court strike each element of Plaintiff's trade dress that as functional and generic.  The Court will not undertake that analysis.  Rule 12(f) cannot be used to resolve disputes on the merits.  *See* Fed. R. Civ. P. 12(f) (courts may "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter"); *Petrie*, 761 F.3d at 967 (stating that immaterial matter refers to "that which has no essential or important relationship to the claim for relief or the defenses being pleaded").  Plaintiff's claims about its trade dress are not immaterial, even if they ultimately prove to be non-meritorious.  Accordingly, Defendant's motion to strike is denied.

//

## VI. CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS IN PART** and **DENIES IN PART** Defendant's motion to dismiss and **DENIES** Defendant's motion to strike. Plaintiff is granted **LEAVE TO AMEND** its federal trade dress infringement claim to plead non-functionality and non-genericness within 30 days. The Court also **SETS** a further case management conference for September 13, 2016 at 2:00pm to discuss scheduling in this matter.

**IT IS SO ORDERED.**

Dated: 9/6/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge