UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORTON & BASSETT, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>ORGANIC SPICES, INC.,<br><br>        Defendant. | Case No.15-cv-01849-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART THE PARTIES' ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL**<br><br>Re: Dkt. Nos. 65, 69 |

Pending before the Court are two administrative motions, Dkt. Nos. 65, 69, to file under seal certain documents relating to the motion for summary judgment filed by Defendant and Counterclaimant Organic Spices, Inc., Dkt. No. 66 ("Mot. for SJ"), and the opposition thereto filed by Plaintiff and Counterclaim-Defendant Morton & Bassett, LLC, Dkt. No. 70 ("SJ Opp."). The administrative motions to file under seal are unopposed. *See* Dkt. Nos. 65, 69. Although the parties did not submit declarations pursuant to Civil Local Rule 79-5(e)(1), the parties have stipulated that the documents and exhibits listed in both administrative motions should be filed under seal. *See* Dkt. Nos. 65-10, 69-2.

Having carefully considered each of the requested redactions, the Court **GRANTS IN PART** and **DENIES IN PART** the administrative motions to seal.

**I.   LEGAL STANDARD**

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2010). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id*. (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (citation and internal quotation marks omitted). To overcome this

1  strong presumption, the moving party must "articulate compelling reasons supported by specific
2  factual findings that outweigh the general history of access and the public policies favoring
3  disclosure, such as the public interest in understanding the judicial process." *Id*. at 1178-79
4  (citations, internal quotation marks, and alterations omitted).  "In general, compelling reasons
5  sufficient to outweigh the public's interest in disclosure and justify sealing court records exist
6  when such court files might have become a vehicle for improper purposes, such as the use of
7  records to gratify private spite, promote public scandal, circulate libelous statements, or release
8  trade secrets." *Id*. at 1179 (citation and internal quotation marks omitted).  The court must
9  "balance the competing interests of the public and the party who seeks to keep certain judicial
10 records secret.  After considering these interests, if the court decides to seal certain judicial
11 records, it must base its decision on a compelling reason and articulate the factual basis for its
12 ruling, without relying on hypothesis or conjecture." *Id*. (citations, brackets, and internal
13 quotation marks omitted).

14       Civil Local Rule 79-5 supplements the "compelling reasons" standard.  The party seeking
15 to file under seal must "establish[ ] that the document, or portions thereof, are privileged,
16 protectable as a trade secret or otherwise entitled to protection under the law. . . .  The request
17 must be narrowly tailored to seek sealing only of sealable material . . . ." Civ. L.R. 79-5(b).

18       Finally, records attached to motions that are only "tangentially related to the merits of a
19 case" are not subject to the strong presumption of access.  *Ctr. for Auto Safety v. Chrysler Grp.,*
20 *LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).  Accordingly, parties moving to seal such records must
21 meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure.  *Id*. at
22 1097.  The "good cause" standard requires a "particularized showing" that "specific prejudice or
23 harm will result" if the information is disclosed.  *Phillips ex rel. Estates of Byrd v. Gen. Motors*
24 *Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002) (citation and internal quotation marks omitted); *see*
25 *also* Fed. R. Civ. P. 26(c).

26 **II.  DISCUSSION**

27       Here, the Court applies the "compelling reasons" standard because the documents at issue
28 have more than a tangential relation to the merits of the case.  *See Ctr. for Auto Safety*, 809 F.3d at

2

1101. The Court rules as follows:

| Motion | Document | Ruling | Reason |
|---|---|---|---|
| 65 | Mot. for SJ, Kanach Decl., Ex. 1 | GRANTED as to 36:12-24, 38:2-12, 39:19-25, 40, 41, 49-54, 55:9-25, 56-59, 60:1-13, 61:20-25, 62-66, 67:1-20, 68:15-25, 69:1-6, 113, 114:1-5, 134:21-23, 135:12-25, 136, 147-148, 150-158 | Confidential Business Information (including Confidential Product Development Information, Manufacturer Information, and Competition Evaluation) |
| | | DENIED as to remaining portions and pages thereof | Not Confidential Information |
| 65 | Mot. for SJ, Kanach Decl., Ex. 2 | GRANTED as to 43:24-25, 44:1-14, 66:4-21, 101, 251:4-10, 318:1-17 | Confidential Business Information |
| | | DENIED as to remaining portions and pages thereof | Not Confidential Information |
| 65 | Mot. for SJ, Kanach Decl., Ex. 3 | GRANTED as to 248:19-25, 250:21-25, 252:6-12 | Confidential Business Information |
| | | DENIED as to remaining portions and pages thereof | Not Confidential Information |
| 65 | Mot. for SJ, Kanach Decl., Ex. 4 | GRANTED as to 54:10-21, 55:4-25, 56:1-3, 249:9-25, 250, 252 | Confidential Business Information |
| | | DENIED as to remaining portions and pages thereof | Not Confidential Information |
| 65 | Mot. for SJ, Kanach Decl., Ex. 5 | GRANTED as to 250:3-9, 287-88 | Confidential Business Information |
| | | DENIED as to remaining portions and pages thereof | Not Confidential Information |
| 65 | Mot. for SJ, Kanach Decl., Ex. 6 | DENIED | Not Confidential Information |
| 65 | Mot. for SJ, Kanach Decl., Ex. 7 | DENIED | Not Confidential Information |
| 65 | Mot. for SJ, Kanach Decl., Ex. 8 | GRANTED as to 30, 157:21-25, 158:1-14, 185-86, 211:3-6, 212:10-22, 216:1-4 | Confidential Business Information |
| | | DENIED as to remaining portions and pages thereof | Not Confidential Information |
| 69 | SJ Opp., Salvatore Decl., Ex. A | GRANTED as to 70:6-11 | Confidential Business Information |
| | | DENIED as to remaining portions and pages thereof | Not Confidential Information |
| 69 | SJ Opp., Salvatore Decl., Ex. B | GRANTED | Confidential Business Information |
| 69 | SJ Opp., Salvatore Decl., Ex. C | GRANTED as to 180:8-25, 181 | Confidential Business Information |
| | | DENIED as to remaining portions and pages thereof | Not Confidential Information |

United States District Court
Northern District of California

3

| 69 | SJ Opp., Salvatore Decl., Ex. D | GRANTED as to 221-26, 290:7-25, 291, 293, 294:1-5, 315:20-25, 316-17, 319:21-25, 320, 395-96, 428:20-25, 429-430, 431:1-18, 588:10-25, 589-90, 593:16-25, 594-597, Ex. 36, Exs. 42-45, Ex. 53, Ex. 56, Exs. 82-84 | Confidential Business Information |
| | | DENIED as to remaining portions and pages thereof | Not Confidential Information |
| 69 | SJ Opp., Salvatore Decl., Ex. E | GRANTED as to 44:5-25, 45 | Confidential Business Strategy |
| | | DENIED as to remaining portions and pages thereof | Not Confidential Information |
| 69 | SJ Opp., Campbell Springfield Decl., Ex. A | GRANTED | Confidential Business and Financial Information |

## III.   CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** the administrative motions to file under seal the specified documents. Pursuant to Civil Local Rule 79-5(f)(1), Salvatore Declaration Exhibit B and Campbell Springfield Declaration Exhibit A of Plaintiff's summary judgment opposition will remain under seal, and the public will have access only to the redacted versions accompanying the motion. Pursuant to Civil Local Rule 79-5(f)(2), Defendant must file the unredacted versions of Kanach Declaration Exhibits 6 and 7 within 7 days. Finally, pursuant to Civil Local Rule 79-5(f)(3), the parties must file the necessary revised redacted versions of the remaining documents listed in the chart above within 7 days.

**IT IS SO ORDERED.**

Dated: 1/31/2017

HAYWOOD S. GILLIAM, JR.
United States District Judge