UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORTON & BASSETT, LLC, <br> Plaintiff, <br> v. <br> ORGANIC SPICES, INC., <br> Defendant. | Case No. 15-cv-01849-HSG <br><br> **ORDER REGARDING BIFURCATION OF TRIAL AND DIRECTING PARTIES TO FILE A STIPULATION; ORDER SETTING CASE MANAGEMENT CONFERENCE** |

This trade dress infringement action is set for trial to begin on September 25, 2017. Dkt. No. 129. "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues . . . ." Fed. R. Civ. P. 42(b). There appear to have been four versions of the spice bottle packaging of Defendant Organic Spices, Inc. ("Spicely"). *See, e.g.*, Dkt. No. 102 at 1–2 (discussing four versions). The most substantial change in spice bottle packaging appears to have occurred between Versions 1 and 2, which feature horizontally oriented packaging, and Versions 3 and 4, which feature vertically oriented packaging. *See* Dkt. No. 102-3 at 11 (photo of Versions 1 and 2); Dkt. No. 102-2 at 3–5 (photos of Version 3); Dkt. No. 102 at 3 (stating that Version 4 "add[ed] green color to the vertical label design from Version 3"). The Court believes that trial will be simplified and expedited by proceeding first with the liability phase as to Versions 1 and 2 only, which analytically seem to be Spicely's most important spice bottle packaging in this suit. Proceeding first with these two versions will also obviate the need to litigate in this trial the complicated questions of how to treat Versions 3 and 4 and whether to include the extensive settlement negotiations between the parties relating to the changes reflected in those versions.

As stated at the pretrial conference, the parties still have not adequately framed this case for trial. *See, e.g.*, Dkt. No. 138 at 4:6–7 ("You saw that I issued an order moving the trial date,

and that's because in my review of the papers, it just became abundantly clear the case in not trial ready."). Among other things, the Court pointed out the considerable complications and risk of jury confusion that could result from trying multiple visually distinct versions at once:

> **THE COURT:** . . . [L]et me ask this, and this I think . . . just goes to the complicated nature of the case right now: Could the jury find infringement as to one version but not another?
> **MR. AREVIAN:** I think they could.
> **MR. ANDRIS:** Sure.
> **THE COURT:** So how is that going to be presented? As a special interrogatory in the verdict form? . . . How is that going to be teed up for [the jury]?
> **MR. ANDRIS:** It's a good question. . . .
> [. . .]
> **MR. AREVIAN:** Perhaps we could confer and --
> **THE COURT:** I think you should, 'cause that really [is] the heart of the . . . matter, right? . . . I think that is a question that the parties should consider . . . is it a jar-by-jar finding that the jury's being asked to make? And if so, how do we structure that?

*Id.* at 46:15–46:11. In the month since the pretrial conference, the parties have filed nothing indicating any sort of progress in addressing this issue or the many other concerns raised by the Court at the pretrial conference.

Accordingly, the Court intends to bifurcate the liability phase of the trial, proceeding first only as to Versions 1 and 2 of Spicely's spice bottle packaging. Any party that opposes this proposition may file a statement not exceeding five pages by July 20, 2017 setting out its position for the record.

In addition, the Court finds that the administration of trial will be improved by clearly defining each version of Spicely's spice bottle packaging. The Court orders the parties to meet and confer and to file a stipulation attaching four exhibits: Exhibit A shall contain one or more representative color photographs of Version 1, Exhibit B shall contain one or more representative color photographs of Version 2, Exhibit C shall contain one or more representative color photographs of Version 3, and Exhibit D shall contain one or more representative color photographs of Version 4.

//

//

//

The parties are **ORDERED** to appear at a further case management conference on August 8, 2017 at 10:00 a.m. to discuss the steps necessary to implement this order, including the setting of shorter trial time limits and the setting of deadlines for updated pretrial filings.

**IT IS SO ORDERED.**

Dated: 7/17/2017

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge